UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALLIED OFFICE SUPPLIES INC., | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. 3:03 CV 367 (JBA)<br>) |
| v. | )<br>) |
| ALLAN LEWANDOWSKI,<br>JONATHAN COX, and<br>W.B. MASON COMPANY, INC. | )<br>)<br>)<br>) |
| Defendants. | ) March 25, 2004<br>) |

### ALLIED OFFICE SUPPLIES INC.'S ANSWER TO
### JONATHAN COX'S COUNTERCLAIMS

Plaintiff Allied Office Supplies Inc. ("Allied") hereby answers and responds to the Counterclaims dated July 17, 2003, filed against it in this action by Jonathan Cox ("Cox") as follows:

### AS TO COUNT I
### (Failure to pay wages – Conn. Gen. Stat. § 31-72)

1.   Allied makes no response to the allegations contained in paragraph 1 as the same call for a conclusion of law and therefore no response is necessary.

2.   Allied admits the allegations contained in paragraph 2.

3.   Allied admits the allegations contained in paragraph 3.

4.   Allied denies the allegations contained in paragraph 4, except admits that Cox was fully compensated for his employment with Allied.

CTDOCS:1582484.1

5. Allied denies the allegations contained in paragraph 5.

6. Allied denies the allegations contained in paragraph 6.

7. Allied denies the allegations contained in paragraph 7.

8. Allied denies the allegations contained in paragraph 8.

9. Allied denies the allegations contained in paragraph 9.

10. Allied denies the allegations contained in paragraph 10.

## AS TO COUNT II
### (Failure to pay wages – Secret Loads)

11. Allied makes no response to the allegations contained in paragraph 11 as the same call for a conclusion of law and therefore no response is necessary.

12. Allied denies the allegations contained in paragraph 12, except admits that Allied informed Cox as to how he would be compensated as an Allied employee.

13. Allied denies the allegations contained in paragraph 13, except admits that Allied informed Cox as to the manner in which his compensation would be calculated.

14. Allied denies the allegations contained in paragraph 14.

15. Allied denies the allegations contained in paragraph 15.

16. Allied denies the allegations contained in paragraph 16.

17. Allied makes no response to the allegations contained in paragraph 17 as the same call for a conclusion of law and therefore no response is necessary.

18. Allied denies the allegations contained in paragraph 18.

19. Allied denies the allegations contained in paragraph 19.

20. Allied denies the allegations contained in paragraph 20.

21. Allied denies the allegations contained in paragraph 21.

22. Allied denies the allegations contained in paragraph 22.

## AS TO COUNT III
### (Misrepresentation)

23. Allied repeats and makes a part hereof, as if set forth fully at length, its answers to paragraphs 1 through 22.

24. Allied denies the allegations contained in paragraph 24.

25. Allied makes no response to the allegations contained in paragraph 25 as the same call for a conclusion of law and therefore no response is necessary.

26. Allied makes no response to the allegations contained in paragraph 26 as the same call for a conclusion of law and therefore no response is necessary.

27. Allied makes no response to the allegations contained in paragraph 27 as the same call for a conclusion of law and therefore no response is necessary.

28. Allied makes no response to the allegations contained in paragraph 28 as the same call for a conclusion of law and therefore no response is necessary.

29. Allied denies the allegations contained in paragraph 29.

30. Allied denies the allegations contained in paragraph 30.

31. Allied denies the allegations contained in paragraph 31.

32. Allied denies the allegations contained in paragraph 32.

33.   Allied denies the allegations contained in paragraph 33.

## AS TO COUNT IV
### (Misrepresentation)

34.   Allied denies the allegations contained in paragraph 34, except admits that when Cox requested a copy of his employment agreement with Allied, Allied provided it to him.

35.   Allied denies the allegations contained in paragraph 35, except admits that when Cox requested a copy of his employment agreement with Allied, Allied provided it to him.

36.   Allied denies the allegations contained in paragraph 36, except admits that when Cox requested a copy of his employment agreement with Allied, Allied provided it to him.

37.   Allied denies the allegations contained in paragraph 37.

38.   Allied denies the allegations contained in paragraph 38.

39.   Allied denies the allegations contained in paragraph 39.

40.   Allied denies the allegations contained in paragraph 40.

41.   Allied denies the allegations contained in paragraph 41.

42.   Allied denies the allegations contained in paragraph 42.

43.   Allied denies the allegations contained in paragraph 43.

44.   Allied denies the allegations contained in paragraph 44.

## AS TO COUNT V
### (Breach of Covenant of Good Faith and Fair Dealing)

45. Allied repeats and makes a part hereof, as if set forth fully at length, its answers to paragraphs 1 through 44.

46. Allied denies the allegations contained in paragraph 46.

47. Allied denies the allegations contained in paragraph 47.

48. Allied denies the allegations contained in paragraph 48.

## AS TO COUNT VI
### (Intentional Interference with Contractual Relations)

49. Allied repeats and makes a part hereof, as if set forth fully at length, its answers to paragraphs 1 through 48.

50. Allied denies the allegations contained in paragraph 50.

51. Allied denies the allegations contained in paragraph 51.

52. Allied denies the allegations contained in paragraph 52.

## AS TO COUNT VII
### (Intentional Interference with Advantageous Business Relations)

53. Allied repeats and makes a part hereof, as if set forth fully at length, its answers to paragraphs 1 through 52.

54. Allied denies the allegations contained in paragraph 54.

55. Allied denies the allegations contained in paragraph 55.

56. Allied denies the allegations contained in paragraph 56.

## AS TO COUNT VIII
### (Unfair Competition)

57. Allied repeats and makes a part hereof, as if set forth fully at length, its answers to paragraphs 1 through 56.

58. Allied denies the allegations contained in paragraph 58.

59. Allied denies the allegations contained in paragraph 59.

60. Allied denies the allegations contained in paragraph 60.

61. Allied denies the allegations contained in paragraph 61.

62. Allied denies the allegations contained in paragraph 62.

## AS TO COUNT IX
### (CUTPA)

63. Allied repeats and makes a part hereof, as if set forth fully at length, its answers to paragraphs 1 through 62.

64. Allied denies the allegations contained in paragraph 64.

65. Allied denies the allegations contained in paragraph 65.

66. Allied denies the allegations contained in paragraph 66.

67. Allied denies the allegations contained in paragraph 67.

Allied denies the allegations set forth in the "Wherefore Clause" and further denies that Cox is entitled to any remedy or relief sought in the "Wherefore Clause."

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which an award of punitive damages can be granted.

## THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which an award of attorneys' fees can be granted.

## FOURTH AFFIRMATIVE DEFENSE

Cox is estopped and barred by his own conduct from recovering any relief.

## FIFTH AFFIRMATIVE DEFENSE

Cox's claims are barred by reason of unclean hands.

ALLIED OFFICE SUPPLIES INC.

*Deborah S. Freeman*
Deborah S. Freeman [ct 05257]
BINGHAM McCUTCHEN LLP
One State Street
Hartford, CT 06103
Tel: (860) 240-2700
Fax: (860) 240-2818

Of Counsel:

Lynne Anne Anderson, Esq.
William R. Horwitz, Esq.
SILLS CUMMIS EPSTEIN & GROSS P.C.
One Riverfront Plaza
Newark, NJ 07102-5400
Tel: (973) 643-7000
Fax: (973) 643-6500

## CERTIFICATION

This is to certify that a copy of the foregoing has been served this 25th day of March, 2004 by first class mail, postage prepaid, to the following counsel of record:

Thomas J. Riley, Esq.
Tobin, Carberry, O'Malley, Riley & Selinger, P.C.
43 Broad Street
P.O. Box 58
New London, CT 06320
Telephone: (860) 447-0335

Deborah L. Thaxter, Esq.
Stephen W. Rider, Esq.
Nixon Peabody, LLP
101 Federal Street
Boston, MA 02110
Telephone: (617) 345-1326

*Deborah S. Freeman*
Deborah S. Freeman