UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALLIED OFFICE SUPPLIES INC., | ) |
| Plaintiff, | ) Civil Action No. 3:03 CV 367 (JBA) |
| v. | ) |
| ALLAN LEWANDOWSKI, JONATHAN COX, and W.B. MASON COMPANY, INC. | ) |
| Defendants. | ) March 25, 2004 |

## ALLIED OFFICE SUPPLIES INC.'S ANSWER TO
## W.B. MASON COMPANY, INC.'S COUNTERCLAIMS

Plaintiff Allied Office Supplies Inc. ("Allied") hereby answers and responds to the Counterclaims dated July 17, 2003, filed against it in this action by W.B. Mason Company, Inc. ("Mason") as follows:

### AS TO COUNT I
### (Breach of Contract)

1.  Allied admits the allegations set forth in paragraph 1.

2.  Allied denies the allegations contained in paragraph 2, except admits that the November 21, 2002 Settlement Agreement set forth a framework and protocol for the parties, and refers to the Agreement for its terms.

3.  Allied makes no response to the allegations contained in paragraph 3 as the same call for a conclusion of law and therefore no response is necessary.

CTDOCS:1582482.1

4.      Allied lacks knowledge or information sufficient to ascertain the truth of the allegations contained in paragraph 4.

5.      Allied denies the allegations contained in paragraph 5, except admits that it submitted proposed lists of restricted customers to W.B. Mason's counsel pursuant to the parties' November 21, 2002 Settlement Agreement.

6.      Allied denies the allegations contained in paragraph 6.

7.      Allied denies the allegations contained in paragraph 7.

8.      Allied denies the allegations contained in paragraph 8.

9.      Allied denies the allegations contained in paragraph 9, except admits that counsel for Allied and counsel for Mason exchanged correspondence in February 2003 and Allied refers to those correspondence for their terms.

10.     Allied denies the allegations contained in paragraph 10.

11.     Allied denies the allegations contained in paragraph 11.

12.     Allied denies the allegations contained in paragraph 12.

13.     Allied denies the allegations contained in paragraph 13.

14.     Allied denies the allegations contained in paragraph 14.

### AS TO COUNT II
### (Intentional Interference With Contractual and Advantageous Business Relations)

15.     Allied repeats and makes a part hereof, as if set forth fully at length, its answers to paragraphs 1 through 14.

16.     Allied denies the allegations contained in paragraph 16.

17. Allied denies the allegations contained in paragraph 17.

18. Allied denies the allegations contained in paragraph 18.

## AS TO COUNT III
### (Unfair Competition)

19. Allied repeats and makes a part hereof, as if set forth fully at length, its answers to paragraphs 1 through 18.

20. Allied denies the allegations contained in paragraph 20.

21. Allied denies the allegations contained in paragraph 21.

22. Allied denies the allegations contained in paragraph 22.

23. Allied denies the allegations contained in paragraph 23.

24. Allied denies the allegations contained in paragraph 24.

## AS TO COUNT IV
### (CUTPA)

25. Allied repeats and makes a part hereof, as if set forth fully at length, its answers to paragraphs 1 through 24.

26. Allied denies the allegations contained in paragraph 26.

27. Allied denies the allegations contained in paragraph 27.

28. Allied denies the allegations contained in paragraph 28.

29. Allied denies the allegations contained in paragraph 29.

Allied denies the allegations set forth in the "Wherefore Clause" and further denies that Mason is entitled to any remedy or relief sought in the "Wherefore Clause."

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which an award of punitive damages can be granted.

## THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which an award of attorneys' fees can be granted.

## FOURTH AFFIRMATIVE DEFENSE

Mason is estopped and barred by its own conduct from recovering any relief.

## FIFTH AFFIRMATIVE DEFENSE

Recovery on any purported contract is barred because plaintiff committed a prior breach, excusing any duty of further performance by Allied.

## SIXTH AFFIRMATIVE DEFENSE

Mason's claims are barred by reason of unclean hands.

ALLIED OFFICE SUPPLIES INC.

*Deborah S. Freeman*
Deborah S. Freeman [ct 05257]
BINGHAM McCUTCHEN LLP
One State Street
Hartford, CT 06103
Tel: (860) 240-2700
Fax: (860) 240-2818

Of Counsel:

Lynne Anne Anderson, Esq.
William R. Horwitz, Esq.
SILLS CUMMIS EPSTEIN & GROSS P.C.
One Riverfront Plaza
Newark, NJ 07102-5400
Tel: (973) 643-7000
Fax: (973) 643-6500

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been served this 25th day of March, 2004 by first class mail, postage prepaid, to the following counsel of record:

Thomas J. Riley, Esq.
Tobin, Carberry, O'Malley, Riley & Selinger, P.C.
43 Broad Street
P.O. Box 58
New London, CT 06320
Telephone: (860) 447-0335

Deborah L. Thaxter, Esq.
Stephen W. Rider, Esq.
Nixon Peabody, LLP
101 Federal Street
Boston, MA 02110
Telephone: (617) 345-1326

*Deborah S. Freeman*
Deborah S. Freeman